Charles M. Bloom, Defendant in Error, v. John Geanes et al., Plaintiffs in Error.

## Gen. No. 15,277.

1. EXECUTIONS—*when error to order issuance.* It is error to order execution against a surety upon an appeal bond given upon an appeal from a justice's judgment without having first entered judgment against him.

2. JUDGMENTS—*when amendment should be made nunc pro tunc.* When it satisfactorily appears from the records and files of a case that the judgment entered was for an amount different from that intended by the court, upon motion of the party affected thereby a judgment for the amount intended should be entered *nunc pro tunc.*

Action commenced before justice of the peace. Error to the Circuit Court of Cook county; the Hon. MERRITT W. PINCKNEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Reversed and remanded. Opinion filed March 3, 1911.

**Statement by the Court.** November 28, 1905, Bloom, defendant in error here, and plaintiff below, obtained a judgment for $120 and costs against Geanes before Timothy D. Hurley, a justice of the peace. On

the same day, Geanes took an appeal and filed with the justice his appeal bond, with Moseley, one of the plaintiffs in error, as surety. The appeal bond, together with the transcript of the justice, purports to have been filed in the Circuit Court on the 14th day of May, 1908, though from the entire record it undoubtedly was 1906. On the 25th of June, 1908, the Circuit Court entered a final judgment in favor of the plaintiff and against defendant, Geanes, for $125, and in the judgment order it was recited that it "is the amount of the judgment rendered herein in the court below," and the order further granted statutory damages for $12.50 for delay, and directed a *scire facias* against Moseley, surety on the bond.

The *scire facias* issued against Moseley recites that on June 26, 1908, Bloom recovered a judgment for $137.50 in the Circuit Court against Geanes, and that Geanes did on "the 14th of May, A. D. 1906," file in said cause the appeal bond in question, and the writ commanded Moseley to appear and show cause why judgment should not be rendered against him, etc.

On November 9, 1908, the cause came on to be heard, and the court ordered execution against Moseley for $137.50, though it did not enter any judgment against him.

Plaintiff in error claims that the court below erred in entering the judgment against Geanes for $137.50, and also erred in ordering execution to issue against Moseley.

Defendant in error, Bloom, filed here an additional abstract showing that he had moved the court below to set aside the order of November 9, 1908, directing execution against Moseley, and that this motion was denied; that he also moved the court to vacate the judgment against Geanes, entered on June 26, 1908, for $137.50, as being a manifest mistake, and to enter a judgment order *nunc pro tunc* as of that date for $120, the amount of the judgment in the justice court, and

$12 statutory damages, and he assigns cross-errors upon the action of the court in denying the motions.

EDWARD H. MORRIS, for plaintiffs in error.

GIRARD A. ELLINGSON, for defendant in error.

MR. JUSTICE BALDWIN delivered the opinion of the court.

The court below clearly erred in ordering execution against Moseley, without having first entered a judgment against him, and for this action, plaintiff in error is entitled to reversal.

We also think it satisfactorily appears that the Circuit Court intended to enter a judgment for the same amount as did the justice of the peace, and that the files in the case constituted sufficient data to authorize the Circuit Court to correct its own judgment to make it conform to the manifest intention of the court, and, accordingly that the Circuit Court should have sustained the motion of Bloom to vacate the judgment of June 26, 1908, for $137.50, and to enter a judgment order *nunc pro tunc* as of that date for the sum of $120, and order a *scire facias* against Moseley to make him a party to the judgment.

*Reversed and remanded.*

MR. JUSTICE CLARK did not participate in the decision of this case.